## Doylestown Borough v. United Fidelity & Guaranty Co.

*Gordon W. Gerber, Charles T. McIlhinney,* for plaintiff.

*Edwin F. McCoy,* for defendant Rawlings.
*Alton G. Grule,* for defendant Sunny Beverages.

LUDWIG, *J.,* July 9, 1984—In this assumpsit action for contribution, we previously entered an order granting the motion for summary judgment of plaintiff Borough of Doylestown against defendants Bruce D. Rawlings and Marjorie E. Moyer t/a Sunny Beverages. Plaintiff's claim arose from the payment of more than its pro rata share of a judgment against itself and defendants as joint tortfeasors in the case of Bradshaw v. Rawlings, 464 F. Supp. 175 (E.D. Pa. 1979), affirmed in part, reversed in part, 612 F.2d 135 (3rd Cir. 1979), cert. denied Borough of Doylestown v. Bradshaw, 446 U.S. 909, 100 S. Ct. 1836, 64 L. Ed. 2d 261 (1980).

In our order granting summary judgment, we deferred the computation of the specific amounts of contribution due the borough by each defendant, which question we now decide.

In the Bradshaw case, the judgment against defendants was for $1,118,067 plus interest from entry, May 22, 1978.[1] On November 6, 1978, Rawlings' insurer paid $100,000 on Rawlings' behalf. On February 8, 1980, United States Fidelity and Guaranty Company paid $300,000 on behalf of Doylestown Borough. In 1980, United States Fidelity and Guaranty Company made two payments on account of interest, totaling $107,524.92. The borough then issued general obligation bonds and paid

---

1. The judgment in Bradshaw also imposed joint liability on another defendant, Delaware Valley College. However, on appeal, that part of the judgment was reversed, and judgment in favor of Delaware Valley College was directed. 612 F.2d 135 (3rd Cir. 1979).

the proceeds of sale, $675,291.26, to Bradshaw on December 9, 1980. It also assigned to Bradshaw 10.34 percent of the net recovery of its claim against its insurer as relates to the defense of the borough in the Bradshaw litigation.[2] This claim was settled by payment of $500,000 to the borough.[3] No payment on the judgment has been made by or for Sunny.

In response to plaintiff's motion for summary judgment, Sunny filed new matter averring that the $500,000 received by the borough from its insurer should reduce the amount of borough's claim for contribution. Otherwise, the borough, arguably, could receive a contribution windfall from the other tortfeasors.

However, Sunny and Rawlings have not convinced us that they should benefit from this payment to the borough by its insurance company. The purpose of the payment was to redress the alleged breach of the insurer's duty to the borough in the handling of the Bradshaw case. Since no duty was owed to Sunny and Rawlings, the payment from their standpoint came from a collateral source. They are no more entitled to benefit from that payment than from any other proceeds of insurance collected by the borough to reimburse its loss. Even after receipt of the net payment from its insurer, the bor-

---

2. The borough's claim against its insurer is set forth in count I of the complaint in the instant case. Counts II and III contain the claims for contribution.

3. The $500,000 payment was averred by defendant Sunny in new matter to plaintiff's motion for summary judgment. In its reply to new matter, plaintiff admitted receiving the $500,000 sum from United States Fidelity and Guaranty Company.

ough remains out-of-pocket more than $225,000 plus interest on its bond issue and expenses. Should it be able to effectuate collection of more than that amount in contribution, its insurance company will have a subrogation claim for the excess.

In computing the amounts of contribution, the total cash and other value paid to satisfy Bradshaw's judgment was $1,234,516.18. Being one-third of that amount, each tortfeasor's pro rata share comes to $411,505.39. The borough and its insurer on its behalf paid $1,134,516.18. The borough is therefore entitled to contribution of $723,010.78, which is the amount in excess of its pro rata liability. Of this amount, Sunny owes $411,505.39 and Rawlings, $311,505.39, giving the latter credit for the previous payment of $100,000.

We note that the borough is entitled to legal interest on the amounts of contribution due from the date of final settlement and satisfaction of the Bradshaw judgment, December 9, 1980. See Nationwide Mutual Insurance Co. v. Philadelphia Electric Co., 443 F. Supp. 1140 (E.D. Pa. 1977).

Accordingly, the following is entered

## ORDER

And now, this July 9, 1984, judgment is entered in favor of plaintiff Borough of Doylestown and against defendant Bruce D. Rawlings in the sum of $311,505.39; and in favor of plaintiff Borough of Doylestown and against defendant Marjorie E. Moyer t/a Sunny Beverages in the sum of $411,505.39; plus interest, in each instance, from December 9, 1980, and costs.